Nott, J.
The appeal in this ease has been brought upon six different grounds, all of which may he resolved info the single question, to whom does the money in the Sheriff’s hands belong. Connected with that question, various views have been taken of the case which it is necessary to consider. A mortgage according to the En *340 glish law, is a conveyance of land as a security for money to be paid in future, and defeasable upon the payment of the money within the time prescribed. If the money be not paid according to the contract, the deed becomes absolute, and the fee of the land is vested in the mortgagee. In Equity, however, it is considered in the nature of a pledge, and a Court of Equity will interpose its authority and extend to the mortgagor further time to redeem, although his remedy is lost at law. That is what is called an Equity of Redemption, and I take it to be a well settled rule of law, that a mere equity is not the subject of a levy and sale under an execution. A fi. fa. can operate only on a legal estate, and it is confounding all legal distinctions to say, that an execution can be levied on an Equity of Redemption. It is said that in Massachusetts, Connecticut and New York, an Equity of Redemption may be levied on and sold under a fi. fa. from a Court of Law. I have not looked into those cases, because the question is quite unimportant as it regards the case now under consideration. For our act of 1791 expressly provides that the fee shall still continue in the mortgagor, and that the mortgage shall be considered only as a pledge for the security of the money, and the mortgagor is entitled to redeem even after the time stipulated by the parties for x-edemption is past. It is true that the act of 1797 does call this in conformity with the language of the English books, an Equity of Redemption, but it is clearly a misnomer. The right to redeem is unquestionably a legal and not an equitable right. The mortgagor has the legal estate, because it is so expi’essly declared by the act. He has a legal right to redeem because that, is as expressly given. It is a legal and not an equitable right, because it is so given, and because the aid of the Court of Equity is not necessary to the exercise of it. But. T am not disposed to dispute about words, so we can *341 all understand them in the same sense ; for by whatever name it is called the effect of a levy and sale by execution must be the same. Ordinarily, it is the interest oí the mortgagor, alone that is levied on, and dial interest, whatever it may be, is transferred to tee purchaser. He takes the place of the mortgagor with all his rights, privileges and disabilities; that is to say, he takes the land subject to the incumbrance with the right to redeem, and that was the case of the City Sheriff, 1st. M’Cord, 399. The circumstances of that case were as follows: — The land had been mortgaged to Colonel Sass. It was sold under an execution obtained subsequent to the mortgage and bought by him. It was held, in the language of the Court, that he had purchased the Equity of Redemption only, or as I understand the decision, he purchased the legal estate subject to his own mortgage, by which the mortgage was extinguished. If it had been purchased by any other person, the purchaser would have bad the right to redeem, and if he had neglected to do so, the mortgagee might foreclose his right by a sale of the premises. There is, however, one exception to this rule : If the land be sold under an execution older than the mortgage, 1 presume the purchaser would take it discharged of the mortgage, indeed, connected with this subject, it appears to me that there are four distinct classes of cases: 1st. Where there are several executions of various dates without any other lien or incumbrfence on the land. 2nd. Where there is an execution with a subsequent mortgage or incumbrance. 3rd. Where there is a mortgage only with a subsequent execution ; and, 4th. Where there is an execution, a mortgage and subsequent execution, each bearing date in the order mentioned, which is the case now under consideration. In the first case, our decisions have been, that judgments and executions preserve their liens (it would appear to me) for *342 any indefiniteperiod of túne; and, therefore, if ha so;ü andar a junior execution, tbs purchaser acquires a good title and the money must be paid to the several creditors according to the priority of those liens. Tire execution is considered as a mere authority to soil without regard to the distribution of the fund afterwards. I have not myself been friendly to those ,decisions which go to support a perpetual lien of a dormant execution, and have uniformly resisted the doctrine in every shape in which it has been presented, and I believe that it is peculiar to this State; but it is too well established now by a series of decisions to be controverted.
In the second class of cases, the judgment and execution creditors cannot be effected by the mortgage, because, having a prior lien, the purchaser under the execution, as has already been remarked, takes the property discharged from the mortgage, and a purchaser under the mortgage, must take it subsequent to the elder liens.
In the third, we have also seen that the purchaser takes-the property subject to the incumbrance, or if it is a more palatable expression, he purchases only the Equity of Redemption.
The last, and the only case in which there appears to be any difficulty, is the case now before us. The difficulty which has arisen in this case is owing, perhaps, partly to the decisions of our Courts, and partly to the act of the Legislature, by which legal and equitable rights are so blended together, that it is difficult to determine to which jurisdiction they most properly belong. In order to see the operation of these conflicting claims or liens, it is only necessary to look to the effect of the various motions arising out of this case. Suppose the land in question to be worth two thousand dollars, and to be mortgaged to secure a debt of one thousand. — If a purchaser under a junior execution bid one thousand *343 dollars, he must pay that sum to the sheriff, and is still liable to pay one thousand more to redeem the laud from the mortgage. If the younger execution creditor is entitled to the. purchase money, and the elder executions sf.ll retain their liens, then the purchaser lias acquired nothing. lie loses both his money and the land. If the elder execution cieditors are entitled to the money, and still to retain their lien, tVn the purchaser gets nothing; for they not only hold the money, but may still proceed to sell the land. If the purchaser mav hold the land against the elder creditors, and they are entitled only to the purchase money, then the mortgagee holds the lend as a security for his debt against the elder liens and they receive only one half of what they are entitled to. From, these difierent views, it is apparent that in a ease circumstanced like this, justice can never be d'.\a in this summary way b> a rule upon the sheriff. Indeed, it appears to me very doubtful whether a Court of Law can in any way administer the relief which such a case requires. A Court of Equity, by bringing all the parties before it, can adjust their respective claims, and distribute to each his due in a more ample manner than can be done by any other method, and is, in my opinion, the only competent tribunal to effect the object. I am of opinion, therefore, that the decision of the Court below should be reversed, and that the rule should be dismissed, and that the parties should be left to litigate (heir rights by suit, either in law or equity, as they ’may be advised.

Judgment reversed.